## CROMER v. THE STATE.

[No. 2,537.    Filed Dec. 15, 1898.    Rehearing denied Jan. 27, 1899.]

APPEAL AND ERROR.—*Assignment of Errors.*—*New Trial.*—Errors of law occurring at the trial are causes for a new trial, but cannot be assigned independently as error on appeal.  *p. 503.*

SAME.—*Evidence Not Weighed on Appeal.*—A judgment will not be reversed either in a civil or criminal case where there is evidence which fairly supports the verdict of the jury on every material point. *p. 504.*

INSTRUCTIONS.—*When Instruction is Incomplete.*— *Appeal.*— Error cannot be predicated on the giving of an incomplete instruction, where an additional or more definite instruction was not requested by the complaining party.  *p. 504.*

HIGHWAYS—*Dedication Need Not Be in Writing.*—In order to constitute a dedication for highway purposes, it is not necessary that there be a grant or conveyance by deed or writing on the part of the owner of the land.  *p. 505.*

SAME.—*Implied Dedication.*—Where a landowner, by open and visible acts, unequivocally indicates to the public an intention to throw open a street or alley, and the public acts upon the faith that there was a dedication, the law will treat the acts of the owner as constituting a dedication.  *p. 505.*

SAME.—*Dedication.*—*Presumption.*—The unopposed use of a highway by the public over the land of an individual who is cognizant of the fact, for a short space of time, may be sufficient to raise the presumption of dedication.  *p. 506.*

SAME.—*Dedication.*—*Evidence.*—The use of land for a highway for such a length of time that public accommodations and private rights might be materially affected by an interruption of the enjoyment would be evidence that the landowner intended to dedicate to the public.  *p. 506.*

INSTRUCTIONS.—*Must be Considered as a Whole.*—*Appeal.*—Instructions must be considered as a whole and not in detached portions; and if when so considered they state the law correctly the cause will not be reversed on appeal even if some of the instructions considered alone may seem incorrect.  *p. 506.*

APPEAL AND ERROR.—*Record.*—*Rules of Court.*—The party asserting that a certain statement made by the court to the jury was improper

Cromer *v.* State.

and erroneous must cite the page and line of the record containing the statement.  *pp. 507, 508.*

APPEAL AND ERROR. — *Misconduct of Counsel.* — *How Error Made Available.*—Misconduct of counsel can be made available error on appeal only by an objection made at the time and invoking the intervention of the court, and, if the court refuses to interfere, by reserving an exception.  *p. 508.*

PRACTICE.—*Limiting Time of Argument to Jury.*—*Discretion of Court.* —Limiting time of argument of counsel to jury is within the sound discretion of the trial court.  *pp. 508, 509.*

From the Cass Circuit Court.  *Affirmed.*

*Frank Swigart,* for appellant.

*W. A. Ketcham,* Attorney-General, and *C. C. Hadley,* for State.

ROBINSON, J.—Appellant appeals from a judgment assessing a fine against him for obstructing a highway. The place obstructed is an alley in the city of Logansport.  A number of errors have been assigned and discussed at length in appellant's brief.

The first, second, third, fourth, eighth, ninth, and tenth errors assigned question the court's action in admitting certain evidence and refusing to admit certain evidence offered by appellant.  The fifth, sixth, seventh, and fifteenth errors assigned question the action of the court in giving certain instructions, and refusing to give certain other instructions.  The eleventh error assigned is misconduct of the court during the trial, and the twelfth is misconduct of counsel in the argument of the case to the jury.  The thirteenth error is the action of the court in limiting the time of appellant's argument to the jury.  These assignments of error present no question.  Such matters should be stated as causes for a new trial, in a motion therefor, and cannot be assigned independently as errors.  See *Bailey* v. *Boyd,* 59 Ind. 292; *Baecher* v. *State, ex rel.,* 19 Ind. App. 100, and cases there cited.

Cromer v. State.

The fourteenth and only remaining error assigned is overruling appellant's motion for a new trial. The first four reasons in the motion for a new trial are that the verdict of the jury is contrary to the law and the evidence, and is not sustained by sufficient evidence. Appellant's counsel has discussed at some length the evidence on the question as to whether or not there was a public highway at the point where the obstruction was placed. No good purpose could be subserved by setting out the evidence of the various witnesses. A number of witnesses testified that the alley in question, prior to the obstruction complained of, had been used continuously by the public for more than twenty years. In such cases it is not necessary to show a dedication. There is evidence which shows a continuous, uninterrupted use by the public for more than twenty years, and that during that time the use of the way was not disputed by any owner of the real estate. It is a well settled rule in this State that a judgment will not be reversed either in a civil or a criminal case where there is evidence which fairly supports the verdict of the jury on every material point. In such case the appellate tribunal cannot assume to weigh the evidence and interfere with the result reached by the trial court. *McCarty* v. *State*, 127 Ind. 223, and cases there cited. *Winslow* v. *State*, 5 Ind. App. 306, and cases there cited.

The fifth reason for a new trial is the giving of certain instructions requested by the State. It is said by appellant's counsel that the first instruction, while in some parts correctly stating the law, does not go far enough. It is a well settled rule that, where an instruction is correct so far as it goes, the fact that it does not go further, and include some other proposition will not make it erroneous. If a party thinks the instruction incomplete, he should

ask a special instruction covering the omitted matter and reserve an exception on the court's refusal to give the same. *Cincinnati, etc., R. Co.* v. *Smock,* 133 Ind. 411; *Du Souchet* v. *Dutcher,* 113 Ind. 249; *Powers* v. *State,* 87 Ind. 144.

The fifth and sixth instructions were upon the question of reasonable doubt. These instructions correctly state the law, and one of them seems to be a verbatim copy of an instruction which has often been expressly approved by the Supreme Court.

The eighth instruction correctly told the jury what is necessary to establish a highway by dedication. The instruction simply undertook to state an abstract principle of law, and no reference is made in it to any fact or facts in controversy in the case being tried.

The court correctly told the jury, in the twelfth instruction, that, in order to constitute a dedication, it is not necessary that there be a grant or conveyance by deed or writing on the part of the owner of the land. "A dedication of land need not be evidenced by a written conveyance." *City of Indianapolis* v. *Kingsbury,* 101 Ind. 200.

There was no error in giving the thirteenth instruction in which the jury was told that, "if a landowner, by open and visible acts, unequivocally indicates to the public and its citizens an intention to throw open a street or alley to the public, and the citizens and the public have acted upon the faith that there was a dedication, the law will treat the acts of the owner as constituting a dedication." *Faust* v. *City of Huntington,* 91 Ind. 493.

The fourteenth and sixteenth instructions were upon the question of implied dedication, and that certain acts of the landowner, if shown to exist, would estop the landowner from asserting that there was no intention to dedicate; that an implied dedi-

cation was founded upon the doctrine of equitable estoppel; and that it might be established by evidence of conduct such as allowing the undisputed use of the land by the public, and by standing by and without objection seeing improvements made with reference to it as a street or alley. There was some evidence upon which to base these instructions, and so far as they undertook to state principles of law they were certainly correct. *City of Indianapolis* v. *Kingsbury, supra.*

The court told the jury in the twenty-fourth instruction, that "the unopposed use of a highway by the public over the land of an individual who is cognizant of the fact, for a short space of time, may be sufficient to raise the presumption of a dedication. Indeed, the use of land for a highway for such a length of time that public accommodations and private rights might be materially affected by an interruption of the enjoyment would be evidence that the landowner intended to dedicate to the public." The principles of law set forth in this instruction have been recognized to be the law in this State in *Mauck* v. *State*, 66 Ind. 177. See *Town of Marion* v. *Skillman*, 127 Ind. 130.

Counsel for appellant, in many of the instructions given by the court, finds fault with certain sentences contained in certain instructions. The rule is well settled that the instructions must be considered as a whole, and not in detached portions; and if, taken together, they state the law of the case correctly, the fact that some clause therein, considered separately, is doubtful or erroneous, will not constitute ground for reversing the judgment; and if, when taken together, they fairly and correctly state the law, the cause will not be reversed, even if some of the instructions considered alone, may seem incorrect; and when

two or more instructions, taken together, state the law accurately, no error is committed in giving them, though either one may not state it fully enough when considered alone. See *Stout* v. *State*, 96 Ind. 407; *Boyle* v. *State*, 105 Ind. 469; *Kennedy* v. *State*, 107 Ind. 144. We have examined all the instructions given by the court, and can but conclude that they state the law fully and fairly. Taking them as a whole, they contain nothing that would warrant a reversal of the case. They are quite lengthy, and cover every phase of the case. Some of the instructions requested by appellant, and refused, correctly state the law, but they were fully covered by instructions that were given. No good purpose can be subserved by a repetition of instructions on the same point. The instructions are applicable to the evidence, and there is nothing in them of which appellant can rightfully complain.

The eighth reason for a new trial questions the correctness of the instructions given to the jury by the court on its own motion. These instructions are not numbered, nor are they signed by the judge. Neither does it appear that any exception was taken to the giving of these instructions. There are no marginal exceptions, nor does the bill into which they are copied show that any exceptions were taken at any time to the giving of the same. It follows that no question is presented upon the instructions given by the court on its own motion.

The ninth reason for a new trial is error of the court in this: that during the trial of the cause, while the State was giving evidence upon the proposition whether there was or had been any public travel on said claimed alley, the court said in the presence of the jury, "You have evidence enough on that point." Counsel have not referred to the page of the record

where the objectionable words may be found.   We cannot undertake to hunt through a record of nearly 300 pages to see whether it contains such a remark, and what was done at the time.   Appellant's counsel have failed to comply with rule twenty-five of this court.  *State* v. *Windstandley*, 151 Ind. 495.   Besides the question has not been brought into this court by any bill of exceptions, and we are not informed whether any exception was taken at the time, or was ever taken to the objectionable words.

The tenth and eleventh reasons for a new trial question certain remarks made to the jury by the State's attorney, in his argument of the case to the jury.   The motion for a new trial, together with an affidavit in support of the tenth and eleventh reasons for a new trial, have been set out in what is denominated "Bill of Exceptions No. 4."   But nowhere does it appear that appellant objected and excepted to the objectionable language at the time it was made, or at any time.   It is well settled that the misconduct of counsel can be made available error on appeal only by an objection made at the time, and invoking the intervention of the court, and, if the court refuses to interfere, by reserving an exception.   The trial court must be given some opportunity to correct the error, and, upon its refusal an exception duly reserved will present the question on appeal.   *Coble* v. *Eltzroth*, 125 Ind. 429; *State, ex rel.,* v. *Taylor,* 5 Ind. App. 29; *Ohio, etc., R. Co.* v. *Wrape,* 4 Ind. App. 100; *Douglas* v. *State, ante,* 302.

The twelfth reason for a new trial was the court's action in limiting the argument of counsel to the jury. It appears by a bill of exceptions that the court limited the argument of counsel to one hour and a half to each side.   This was a matter within the sound dis-

cretion of the trial court. Thus in the case of *Cory* v. *Silcox*, 5 Ind. 370, the court said: "Matters of this kind must necessarily be left to the sound discretion' of the court trying the cause; and unless that discretion is grossly abused, we will not interfere." See *Priddy* v. *Dodd*, 4 Ind. 84; *Baldwin* v. *Burrows*, 95 Ind. 81. We cannot say from this record that there was any abuse of discretion in limiting the time for the argument, but it appears to us that one hour and a half was ample time properly to present the case in all its phases to the jury.

We have examined all the questions presented by appellant's counsel in his brief, and find no error authorizing a reversal of the judgment.

Judgment affirmed.