## MAXON v. CLARK.

### [No. 3,075.   Filed May 15, 1900.]

INSTRUCTIONS.—*Must Be Construed Together.—Pleading.*—A cause will not be reversed because of the failure of an instruction to state all of the material allegations of a counterclaim, where all of the instructions taken together stated the pleadings correctly.

From the Steuben Circuit Court.   *Affirmed.* ·

*J. A. Woodhull* and *N. W. Gilbert*, for appellant.
*C. Cline*, *S. A. Powers*, *W. G. Croxton* and *F. M. Powers*, for appellee.

HENLEY, J.—On the 17th day of March, 1897, appellant traded some lands he owned in the state of Michigan to appellee, and received in exchange certain mill property owned by appellee in Steuben county, Indiana, the appellant paying appellee, in addition to the land conveyed, the sum of $1,000.   Afterwards appellee commenced this action against appellant for damages on account of the alleged fraudulent representation of appellant in regard to the character and value of the lands which appellant had conveyed to appellee in perfecting the trade.   Appellant answered the complaint by general denial, and also filed a counterclaim.   To the counterclaim appellee filed a general denial.   There was a trial by jury resulting in a verdict for $800.   Over appellant's motion for a new trial, judgment was rendered on the verdict.   The only alleged error presented to this court relates to the ruling of the lower court in overruling appellant's motion for a new trial.   Under this

specification of error, the only question discussed by counsel is as to the correctness of the instructions given by the court to the jury. It is complained that the lower court, in instructing the jury, restricted the jury to a consideration of only a portion of the material facts averred in the counterclaim, and this prevented the jury from considering the whole case made by the pleadings and supported by the evidence.

Where an instruction purports to be a statement of all the material allegations necessary to a recovery, and a material allegation is omitted, the instruction is fatally defective. *Voris* v. *Shotts*, 20 Ind. App. 220; *Jackson School Township* v. *Shera*, 8 Ind. App. 330; *Kentucky, etc., Co.* v. *Eastman*, 7 Ind. App. 514; *Indiana Ins. Co.* v. *Pringle*, 21 Ind. App. 559.

Instructions must be considered as a whole, and where all the instructions, taken together, state the law correctly, no reversible error can be predicated upon a single incomplete statement of the law. *Cromer* v. *State*, 21 Ind. App. 502; *Kennedy* v. *State*, 107 Ind. 144; *Boyle* v. *State*, 105 Ind. 469, 55 Am. Rep. 218.

The instruction complained of states the law correctly, as far as it goes. If it is objectionable, it is because of what it omitted to state, and had it been the only instruction of the court in relation to the case made by appellant's counterclaim, it would be open to the criticism of appellant's counsel. See *Louisville, etc., R. Co.* v. *Grantham*, 104 Ind. 353.

Instruction numbered seven cures the defect complained of in instruction numbered two. Taking all the instructions together, they fully and fairly state the law applicable to the issues and evidence. There is no reversible error. Judgment affirmed.