## WAMPLER *v.* HOUSE.

[No. 4,299.   Filed February 25, 1903.]

APPEAL.—*Erroneous Instruction.*—*Harmless Error.*—A cause will not be reversed because of an erroneous instruction, where the instructions considered as an entirety state the law correctly.   *p. 514.*

SAME.—*Erroneous Instructions.*—*Harmless Error.*—A cause will not be reversed because of an erroneous instruction, where it clearly appears that the substantial rights of the appellant were not affected thereby.   *p. 514.*

From Knox Circuit Court; *W. H. De Wolf*, Special Judge.

Action by John D. Wampler against Ellis House for damages for obstructing a watercourse. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*W. A. Cullop* and *G. W. Shaw*, for appellant.
*J. T. Goodman, B. M. Willoughby* and *J. M. House*, for appellee.

WILEY, J.—Appellant sued appellee to recover damages alleged to have been occasioned by obstructing a natural watercourse, and thus diverting water on to his lands, to his injury. Verdict and judgment for appellee. Appellant's motion for a new trial was overruled, and such ruling is the only error assigned. The first, second, and fifth reasons for a new trial are waived by a failure to discuss them.

Appellant's entire argument is addressed to the third and fourth causes for a new trial, which question the correctness of certain instructions. The court gave a series of instructions of its own motion; gave all the instructions requested by appellant, and one instruction requested by appellee. The only instructions that are attacked are numbers two, four, five, eight, and nine, given by the court on its own motion, and the one requested by the appellee.

A careful consideration of the instructions as a whole, applied to the evidence, has led us to the conclusion that they correctly state the law. The instruction given at the request of the appellee, standing alone, can not be approved as a correct statement of the law, for it simply states an abstract proposition, and is not complete within itself, as applied to the evidence.

It has many times been affirmed in this jurisdiction that instructions must be considered as an entirety, and not separately or in dissected parts, and if, when so considered, they state the law correctly, a cause will not be reversed, even if some of the instructions, considered alone, may seem incorrect. *Cromer* v. *State,* 21 Ind. App. 502; *Todd* v. *Danner,* 17 Ind. App. 368; *Mendenhall* v. *Stewart,* 18 Ind. App. 262; *Baltimore, etc., R. Co.* v. *Spaulding,* 21 Ind. App. 323; *Deilks* v. *State,* 141 Ind. 23; *Citizens St. R. Co.* v. *Merl,* 26 Ind. App. 284; *Cleveland, etc., R. Co.* v. *Penketh,* 27 Ind. App. 210; *Musser* v. *State,* 157 Ind. 423.

It is also a rule of law that instructions are to be considered with reference to each other, and as an entirety, and not separately or in dissected parts; and if the instructions, as a whole, correctly and fairly present the law to the jury, even if some particular instruction, or some portion of an instruction, standing alone, or taken abstractly, and not explained or qualified by others, may be erroneous, it will afford no grounds for reversal. *Shields* v. *State,* 149 Ind. 395, and authorities there cited; *Lofland* v. *Goben,* 16 Ind. App. 67; *Terre Haute, etc., R. Co.* v. *Lauer,* 21 Ind. App. 466; *Indianapolis Gas Co.* v. *Shumack,* 23 Ind. App. 87; *Maxon* v. *Clark,* 24 Ind. App. 620; *Gemmill* v. *Brown,* 25 Ind. App. 6.

Considering all the instructions together, it fairly appears that the law was stated with substantial accuracy, as applied to the issues and the evidence, and that the jury could not have been misled. In such case it is no ground

for reversal, even though a particular instruction, or some detached portion thereof, may not be precisely accurate. *Cooper* v. *State,* 120 Ind. 377; *Boyle* v. *State,* 105 Ind. 469, 55 Am. Rep. 218.

In view of these rules of law, we do not deem it necessary to take up separately the various instructions complained of, and thus consider them. We are satisfied that they do not present any reversible error. From a consideration of the whole record, it affirmatively appears that the trial court reached a correct conclusion. We are directed by the statute to disregard any "error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party," and are admonished that "no judgment can be reversed or affected by reason of such error or defect." §401 Burns 1901.

We are warranted in saying that the substantial rights of the appellant were not affected by the instructions of which he complains. Judgment affirmed.