TERRE HAUTE & LOGANSPORT RAILWAY COMPANY
v. SALMON.

[No. 5,155.    Filed February 14, 1905.]

1. RAILROADS.—*Rights of Way.—Failure to Fence.—Right of Abutter
   to Fence.—Notice.*—Where a railroad company's fence of its right
   of way had been built more than one year, but such company had
   permitted such fence to become out of repair, the abutting land-
   owner had the right to repair such fence upon giving the notice
   required by §5325 Burns 1901.    p. 565.

2. SAME.—*Rights of Way.—Fence.—Repairing by Making New.*—
   Where a railroad company fails to repair its fence as provided by
   statute, the abutting owner has the right to do so, upon notice, and
   if the old fence is decayed so as to be useless, such abutter may
   replace by an entirely new fence.    p. 565.

3. TRIAL.—*Instructions.—Error.—Verdict Right on Evidence.*—Where
   the court gives an erroneous instruction, but the verdict is clearly
   right under the evidence, such error is harmless.    p. 566.

From Clinton Circuit Court; *Joseph Claybaugh,* Judge.

Action by James W. Salmon against the Terre Haute &
Logansport Railway Company. From a judgment for
plaintiff, defendant appeals. *Affirmed.*

*Guenther & Clark* and *John G. Williams,* for appellant.
*Joseph Combs,* for appellee.

ROBINSON, P. J.—Appellee recovered a judgment for re-
building a fence along appellant's right of way, which abuts
on his farm. The statute (§5323 Burns 1901, Acts 1885,
p. 224) requires railroad companies, within twelve months
after the taking effect of the act as to completed roads, and
within twelve months from the completion of roads there-
after built, to fence their right of way, when it shall be done,
the kind of fence to be made, and that they shall thereafter
maintain such fence. The next section (5324 Burns 1901)
provides that when the company fails to build the fence, as
required by the above section, the abutting landowner may,
upon notice, build it, and recover from the company the

costs, with attorney's fees.   Section 5325 Burns 1901 requires the company to keep such fence in good repair, and sufficient to answer the purposes for which constructed, and upon failure, after thirty days' notice, to make or commence such repairs, the abutting landowner may make them, and recover from the company the cost, with attorney's fees.

1.   On March 7, 1903, appellee gave appellant written notice that the fence was "out of repair, and wholly unfit to turn cattle, horses, hogs, sheep or other stock."   After the expiration of thirty days, appellant not having repaired or commenced to repair the fence, appellee restored it to the condition required by the statute, made out and furnished appellant a statement of the expense as required by the statute, and, more than sixty days thereafter, the expense not having been paid, brought this action.

Each of the two paragraphs of complaint states that the road had been built more than a year before the date of the notice, that the right of way had been fenced, and that for a long time prior to the 7th day of March, 1903, appellant had permitted the fence to be and remain out of repair and unfit to turn horses, cattle, hogs, sheep and other animals. That is, each paragraph recognizes that §5323, *supra,* had, at some prior time, been complied with, and a fence built, which had become, and had been permitted to remain, out of repair.   The notice was given, and properly so, under §5325, *supra.*

2.   As appellee could not proceed under §5324, *supra,* but necessarily under §5325, *supra,* it is not material that the proof showed that he rebuilt the fence out of new material, instead of repairing an old fence.   It was appellant's duty to maintain such a fence as the statute designated, and, having failed to do so, and having failed to restore the fence after notice that it was out of repair, and unfit to turn stock, as required by the statute, appellee was authorized to go upon the right of way and make such a fence as the statute makes it the duty of appellant to maintain.   Ap-

pellee had the right to restore the fence that had previously been built in compliance with §5323, *supra,* and in doing so he might, under §5325, *supra,* repair a part, and rebuild such part as could not be repaired, or, if incapable of being repaired because of decay or otherwise, he might rebuild the whole of it from new material.

3. A part of the fifth instruction to the jury should not have been given, but, upon the evidence, all of which was offered by appellee and was undisputed, it is clear that the verdict was right, and that the jury was not misled. As the error did not in any way affect the substantial rights of appellant (§401 Burns 1901, §398 R. S. 1881), and as it clearly appears that the merits of the cause have been fairly tried and determined in the court below (§670 Burns 1901, §657 R. S. 1881), we are required to affirm the judgment.

Judgment affirmed.