## KUHN ET AL. v. BOWMAN.

[No. 6,861.    Filed January 5, 1911.]

1. CONTRACTS.—*Sales of Oats.—Landlord's Lien.—Release.—Instructions.—Assuming Facts.—Harmless Error.*—In an action by a tenant for the value of oats sold and delivered, where defendants' counterclaim alleged that plaintiff agreed to deliver 1,000 bushels of oats, and that his landlord agreed to deliver 22,000 bushels, and that plaintiff delivered 701 bushels and 8 pounds on each contract, and that the landlord owned one-half of the oats raised, an instruction that the landlord had a right to release the lien, in which event the tenant might sell and recover for the crops raised, and that if the finding should be for the plaintiff it should be that 1,000 bushels were sold at a certain price and that for the remainder the market value should be allowed, although erroneous as invading the province of the jury, is not prejudicial, where the jury was otherwise fully instructed as to the law of the case, and where the evidence showed that the oats were all sold by the plaintiff and that the landlord had notified defendants that she had released her lien. pp. 679, 680, 682.

2. TRIAL.—*Instructions.—How Considered.*—The giving of an erroneous instruction will not constitute reversible error unless it was prejudicial. p. 680.

3. TRIAL.—*Exclusion of Evidence.— Sustaining Objection After Answer.*—Where the record shows that immediately after an answer an objection was made and sustained thereto, the answer will not be considered as admitted in evidence. p. 681.

4. APPEAL.—*Right Result.*—Where the record shows that the right result was reached, the judgment will be affirmed. p. 682.

From Benton Circuit Court; *James T. Saunderson,* Judge.

Action by William Bowman against Paul Kuhn and others. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Lamb, Beasley & Sawyer* and *Elmore Barce,* for appellants.

*Fraser & Isham,* for appellee.

MYERS, C. J.—This was an action brought by appellee against appellants, to recover the value of a certain quantity of oats alleged to have been sold and delivered by him to

appellants. A complaint in one paragraph, answered by a general denial, a counterclaim in two paragraphs and a reply in denial formed the issues submitted to a jury, which resulted in a verdict, followed by a judgment, against appellants, and in favor of appellee. Appellants' motion for a new trial was overruled, and this ruling is the only error here presented.

It appears from the complaint that appellants were warehousemen, and that appellee, on or about August 28, 1907, sold and delivered to them, at their elevator in Freeland Park, and at their special instance and request, 1,402 bushels and sixteen pounds of oats, of the value of forty-five cents a bushel, and of the aggregate value of $633, whereby appellants became and are now indebted to appellee in the sum stated, together with interest thereon.

Appellants' first paragraph of counterclaim in substance averred that on July 26, 1907, by a certain parol contract, appellee sold to appellants 1,000 bushels of oats, for the contract price of thirty-four cents a bushel, to be delivered at appellants' elevator within sixty days from that date; that appellants promised to pay appellee $340 on the delivery of said oats; that thereafter appellants were at all times and are now ready and willing to perform the conditions of said contract by them to be performed, but that appellee, disregarding his said contract, delivered only 701 bushels and eight pounds of said oats, and sold the remainder of said 1,000 bushels to other persons; that at the time of the delivery of said oats, and continuously thereafter, the market price of oats was from forty-five to forty-nine cents a bushel; that, by reason of appellee's failure to deliver said remaining 300 bushels under said contract, appellants have lost from eleven to fifteen cents a bushel, to their damage in the sum of $50.

The second paragraph of counterclaim, in addition to the facts averred in the first paragraph, avers that appellee, during the season of 1907, was a tenant of Jane Hawkins, and as such tenant raised about two thousand six hundred bush-

els of oats, one-half of which he was to pay as rental to said Hawkins. Facts are also averred purporting to show a contract between said Hawkins and these appellants, whereby the former sold to the latter 22,000 bushels of oats; that appellants were ready and willing to comply with that contract, but that said Hawkins failed to comply with her part of said contract. It is further averred, in effect, that the oats so delivered by appellee were on account of both contracts, that is to say, 701 bushels and eight pounds were delivered on the contract of appellee, and the same number of bushels on the contract of said Hawkins; that appellee refused to deliver to appellants the remainder of the oats called for in his contract with them, to their damage.

The only reason here assigned in support of the motion for a new trial is that the court erred in giving to the jury upon its own motion instruction one, which reads as follows: "I instruct you, gentlemen, that while the law gives the landlord a lien on the crop raised by a tenant on the land of the landlord, the landlord has a right to relinquish the lien and discharge the grain from the lien in favor of the tenant. And when so released by the landlord, the tenant has a perfect right to deliver and sell said grain in his own name, and is entitled to collect from the purchaser the proceeds therefor. And in this case, if you find for the plaintiff, you should find that 1,000 bushels of the oats in question were sold at and for the agreed price of thirty-four cents a bushel, and that the remainder of 402 bushels and sixteen pounds you should find for the plaintiff and allow him what the evidence showed the price of oats to be at the time the oats were delivered to defendants.", Two objections are urged against this instruction: (1) That it assumed the existence of a fact in controversy upon which the evidence is conflicting; (2) that it directs a verdict upon oral testimony in favor of a party having the burden of the issue.

It must be conceded that an instruction which invades the

province of the jury, or assumes a controverted fact to be established, is erroneous. *Southern R. Co.* v. *Limback* (1909), 172 Ind. 89; *Manion* v. *Lake Erie, etc., R. Co.* (1907), 40 Ind. App. 569; *Sasse* v. *Rogers* (1907), 40 Ind. App. 197. This doctrine rests upon the theory that in civil cases the jury takes the law from the court, but the facts are for the jury alone. *Siebe* v. *Heilman Machine Works* (1906), 38 Ind. App. 37. It must also be conceded that reversible error does not necessarily follow, because an

2. instruction, independent of all others, appears to be erroneous, for the law is well settled in this jurisdiction that all instructions given to the jury must be considered together, and if, after so considering them, or if the record affirmatively shows that the challenged instruction, although incorrect, could not have misled the jury, it will be regarded as harmless. *Bowman* v. *Bowman* (1899), 153 Ind. 498; *Stanley* v. *Dunn* (1896), 143 Ind. 495; *Morgan* v. *Hoadley* (1901), 156 Ind. 320; *Indianapolis St. R. Co.* v. *Schomberg* (1905), 164 Ind. 111; *Stuck* v. *Yates* (1903), 30 Ind. App. 441; *Bickness* v. *Brandl* (1910), 46 Ind. App. 269; *Morgantown Mfg. Co.* v. *Hicks* (1910), 46 Ind. App. 623.

In this case, a number of instructions were given to the jury. It was instructed fully as to the issues, and was told that by the complaint and denial it should determine

1. whether plaintiff delivered "to the defendant any oats, and if so, how many;" "the value of such oats, so far as affected by the contract, as to price, and the value of any delivered outside of the contract at the market price," and whether "the oats, before the commencement of this action, were fully discharged from all claims of the landlord." The jury was further told that the burden was on plaintiff to sustain each allegation of his complaint by a preponderance of the evidence; that it was the sole judge of the evidence; that plaintiff must prove not only the amount of oats he delivered, but that his recovery was limited to the amount delivered on his own behalf; that he must prove

their value and price, whether determined by contract or otherwise; that the landowner and tenant, where the rental is a portion of the crop raised, are tenants in common of the crop until a division is made; that if no division of the oats had been made at the time of the delivery thereof to defendants, and each owned an undivided one-half, then plaintiff delivered only 701 bushels and eight pounds on his contract, and defendants would be entitled to have damages for the failure to deliver the difference between 1,000 bushels and the amount he thus delivered; that a delivery of the oats by plaintiff to defendants would in nowise be a delivery of any part to the landlord, or on account of the landlord, without a direction on her part to that effect, and if, before this action was commenced, the landlord refused to consider any part of the oats so delivered as her property, and so notified defendants, and informed them that she waived all liens and authorized them to pay plaintiff, then he would be entitled to recover, unless defendants proved "one or more paragraphs of their affirmative answers;" and "if you further find that there was a contract price of thirty-four cents a bushel for 1,000 bushels of said oats, the plaintiff is entitled to recover this contract price for 1,000 bushels, and, in addition thereto, the market value a bushel on the day of delivery for the other 402 bushels and sixteen pounds."

There is practically no dispute in the evidence as to any material fact. Both parties agree that appellee delivered to appellants 1,402 bushels and sixteen pounds of oats. The "grain checks" issued by appellants to appellee also show that fact. It is true that appellants' representative testified that only 701 bushels and eight pounds were delivered upon appellee's contract, but immediately following this answer an objection to the answer was made and sustained, and while the objection came too late, we think it quite clear, from the record, that the answer was given, and the jury understood that it had reference to the question, whether the landlord owned one-half of the oats in ques-

tion.    That appellee sold to appellants 1,000 bushels of
oats at thirty-four cents a bushel, is undisputed, nor is
the fact disputed that, before the commencement of
this action, appellee's landlord notified appellants that
she had no claim or lien on any of the oats delivered to them
by appellee. There is no evidence that any part of the oats
so delivered was on account of the contract between appel-
lants and appellee's landlord.    The real contested question
in this case was, Did appellee's landlord have any interest in
the oats in question at the time this suit was commenced?
With this question settled in appellee's favor, and the con-
tract between appellee and appellants for the sale and pur-
chase of the oats established, the law applicable to the case
was correctly stated in the questioned instruction with ref-
erence to appellee's right of recovery.    By reference to the
complaint, it will be seen that appellee sought to collect
forty-five cents a bushel for all of the oats he delivered to
appellants, and made no reference to any contract for any
part of said oats at a less price.    The contract feature of the
case was brought into it by appellants, and as all the evi-
dence shows that the oats, at the time of delivery, were worth
at least thirty-nine or forty cents a bushel, the instruction
might be regarded as favorable to appellants, as it limited
appellee's recovery to the contract price for the 1,000 bush-
els, instead of the market price.    While we do not commend
that part of the instruction which says, "and in this case if
you find for plaintiff you should find that 1,000 bushels of
the oats in question were sold at and for the agreed price,"
etc., yet, under all the facts in this particular case, we feel
safe in saying that appellants were not harmed by it, and
that the record affirmatively shows that the merits of
this cause were fairly tried and determined in the
court below, and that the verdict of the jury was
right upon the evidence.    *Ohio Oil Co.* v. *Detamore*
(1905), 165 Ind. 243; *Indianapolis St. R. Co.* v. *Schomberg,*

*supra; Terre Haute, etc., R. Co.* v. *Salmon* (1905), 34 Ind. App. 564; *Wampler* v. *House* (1903), 30 Ind. App. 513.

Judgment affirmed.