## RAHMER *v.* DAVIS, AGENT.

[No. 11,391.    Filed April 20, 1923.    Rehearing denied June 20, 1923.]

1. APPEAL.—*Review.—Jury's Answers to Interrogatories.—Conclusiveness.*—The jury's answers to interrogatories are conclusive on appeal if there is any evidence to support them. p. 213.

2. APPEAL.— *Review.— Intervening Error.—Affirmance.*—Where the answers of the jury to special interrogatories, which are supported by the evidence, show that plaintiff's injuries were not caused by any negligence charged in the complaint, a judgment for defendant will not be reversed because of errors in instructions or intermediate errors; such errors being deemed harmless in view of §700 Burns 1914, §658 R. S. 1881.    p. 213.

From DeKalb Circuit Court; *Dan M. Link,* Judge.

Action by William E. Rahmer against James C. Davis, Agent. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*W. W. Sharpless* and *Henry C. Springer,* for appellant.

*Mountz & Brinkerhoff,* for appellee.

NICHOLS, C. J.—Action by appellant to recover damages for an injury alleged to have been sustained while in the service of the United States Railway Administration, as a result of the negligence of appellee. The complaint avers, in substance, that the accident resulted from the negligent operation of a gasoline speeder

which caused it to leave the track. There was a trial by jury, and a verdict for appellee, together with answers by the jury to interrogatories submitted to it. Appellant's motion for a new trial was overruled, after which there was a judgment for appellee.

The only error assigned is the court's action in overruling the motion for a new trial. Of the twenty-four instructions given to the jury, eight are set out in 1, 2. appellant's brief, upon which he predicates error.

We have examined these instructions, and find no error in them. But, even if there had been the appearance of error in any of them, answers to interrogatories by the jury are, in this court, conclusive of the facts therein found if there is any evidence to support them. *Cleveland, etc., R. Co.* v. *Baker* (1920), 190 Ind. 633, 128 N. E. 836. The answers of the jury in this case, all of which are supported by some evidence, show that the accident was not the result of any negligence charged in the complaint, but that the car was derailed by a stone lying between the rail and the planking at a road-crossing. The verdict and judgment were therefore right on the facts proved, and errors in instructions, if any, and any intermediate errors were harmless for which the judgment will not be reversed. §700 Burns 1914, §658 R. S. 1881; *Terre Haute, etc., R. Co.* v. *Salmon* (1905), 34 Ind. App. 564, 73 N. E. 268; *Indianapolis, etc., R. Co.* v. *Schomberg* (1905), 164 Ind. 111, 72 N. E. 1041; *Ohio Oil Co.* v. *Detamore* (1905), 165 Ind. 243, 73 N. E. 906; Ewbank's Manual §254. Judgment affirmed.