### THE PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.* THATCHER.

[No. 15,306. Filed November 18, 1936. Rehearing denied June 16, 1937. Transfer denied October 4, 1937.]

*Davis Harrison* and *George B. Schenk*, for appellant.

*George C. Uhlir* and *Jesse W. Calhoon*, for appellee.

LAYMON, J.—This is an action in conversion wherein the appellee, plaintiff below, recovered a judgment by the verdict of a jury in the sum of $550 for the alleged conversion by the appellant of certain personal property alleged to be the property of appellee. The complaint was in one paragraph, and the appellant answered in three paragraphs: the first paragraph in general denial; the second paragraph alleging that the appellee in the month of December, 1932, failed, refused, and neglected to perform any of the obligations required of him by a written lease executed by and between appellee and appellant as tenant and landlord; the third paragraph of answer specifically alleging that appellee failed to comply with the terms of the lease in certain particulars. The appellant filed a cross-complaint, but no question is presented by this appeal upon the cross-complaint. The appellee filed a reply in general denial to the second and third paragraphs of answer.

The appellant assigns as error the overruling of the appellant's motion for a new trial, in which the appellant asserts that the court erred: (1) in admitting in evidence Exhibit E, which was a release of a chattel mortgage; (2) that the damages assessed by the jury were excessive; (3) that the verdict is not sustained by sufficient evidence and is contrary to law; (4) in giving to the jury each of the instructions Nos. 7, 8, and 9 tendered by the appellee.

The appellant introduced in evidence defendant's Exhibit 1, a chattel mortgage recorded on May 24, 1932, given by the appellee to the International Harvester Company to secure the payment of $500, including as security therefor a Farmall outfit, cows, hogs, wagon, harness, his interest in all crops, and three-fifths interest in the corn. The appellee offered in evidence as a part of his rebuttal Exhibit E, which was a release executed by the International Harvester Company for the chattel mortgage previously introduced in evidence by the appellant as appellant's Exhibit 1, and Exhibit E was executed on February 2, 1934. Appellant's Exhibit 1 was shown to have been a chattel mortgage on part of the property alleged to have been converted, and there was no showing by reason of this chattel mortgage that the title, ownership, and possession of the property had been transferred out of the hands of the appellee. So far as the evidence in the record is concerned, the chattel mortgage was merely a lien thereon. There could be no harm to the appellant, therefore, in the admission of the release of this mortgage which was executed during the progress of the trial, and no error was committed by the court in the admission of Exhibit E.

The appellant complains of the court giving instruction No. 7 which informed the jury in substance: that

the parties had made and entered into a farm lease, pursuant to which the appellee, as a tenant, had entered into possession of the farm referred to in the complaint; that during the existence of the lease the plaintiff had raised a crop of corn on this farm; that he had his furniture and household goods located in the house thereon; that he had some potatoes situated in a pit, stored for the winter; that pursuant to the terms of the lease appellee was the owner of three-fifths of all the corn raised upon the farm during the year; that he was the owner of the potatoes and the owner of the furniture; that some time in the winter or early spring of 1933 the appellant, the Prudential Insurance Company of America, took possession of the farm, of the corn, of the appellee's furniture, of the household goods, and of his potatoes and has held continued possession since that time; that under appellee's complaint he has made out a prima facie case and would be entitled to recover unless the appellant has proved the material allegations of its second and third paragraphs of answer by a fair preponderance of all the evidence in the case.

Instruction No. 8 in substance was that if it is found that appellee is entitled to recover, he is entitled to damages as shown by the evidence which will fairly represent the market value of his interest in the corn, the market value of potatoes, and the reasonable value of his furniture at the time of its conversion.

Instruction No. 9 in substance was that if it is found that the chattel mortgage, a certified copy of which was offered in evidence, has been unconditionally released and discharged, no consideration will be given to any issues bearing upon the chattel mortgage offered in evidence.

It must be conceded that an instruction which invades the province of the jury, or assumes a contro-

verted fact to be established, is erroneous. This doctrine rests upon the theory that in civil cases the jury takes the law from the court, but the facts are for the jury alone. It must also be conceded that reversible error does not necessarily follow, because an instruction, independent of all others, appears to be erroneous, for the law is well settled in this jurisdiction that all instructions given to the jury must be considered together, and if, after so considering them, or if the record affirmatively shows that the challenged instruction, although incorrect, could not have misled the jury, it will be regarded as harmless. In this case, a number of instructions were given to the jury, reciting the complaint and the answers thereto; informing the jury that the burden of proof rested upon the plaintiff to prove the material allegations of his complaint by a fair preponderance of all the evidence given in the cause; instructing the jury that they were the sole and exclusive judges of all questions of fact and proof; that it was their exclusive province to determine what facts had or had not been proven; that unless they found that there was a wrongful appropriation or an intent to make a wrongful appropriation of plaintiff's property by the defendant, then there could be no conversion, and the verdict must be for the defendant.

There is practically no dispute in the evidence as to any material facts. The evidence clearly shows: that appellee entered into a written lease with the appellant, leasing 160 acres known as the Newberger farm from March 21, 1932, to February 27, 1933, wherein lessee was to pay for rental two-fifths of all the small grain and two-fifths of all corn, with no privilege rent, and was required to furnish all seed and pay all expenses, including threshing bill, and certain other provisions immaterial in this cause; that lessee took possession of the farm and planted 80 acres of corn, oats, and soy

beans; that appellee had raised about 120 bushels of potatoes and placed them in a potato hill, there being about 60 bushels in the hill; that appellee went to Florida about the 5th of December, 1932, leaving his furniture on the premises, living room suite, stove, rugs, bedroom and kitchen furniture, together with all of his livestock and farm implements, and returned the latter part of March, 1933; that the reasonable value of the potatoes at the time was 50 cents a bushel; that the fair market value of the corn in March, 1933, was 35 cents a bushel; that the household furniture was of the reasonable value of $75; that there were approximately 2,200 bushels of corn in the field; that during appellee's absence from the premises the appellant husked the corn, removed the potatoes and the furniture; that there was a chattel mortgage executed on May 24, 1932, in favor of the International Harvester Company to secure the payment of $500, including as security, among other things, appellee's three-fifths interest in the corn; that the claim of the International Harvester Company has been satisfied; that the two notes have been paid and satisfied; that Exhibit E offered by appellee and admitted in evidence was a written release of the chattel mortgage; that Bert Calvert moved on the farm in question in March of 1933 as a tenant of the appellant; that appellant husked the corn and sold the same in May of 1933 by the lot and received $450 for the corn, and the purchaser sent the money to the Prudential Insurance Company; that appellant had made arrangements to gather the corn in February of 1933; that appellant removed the potatoes from the farm and took them to Fortville and caused the furniture in the house to be moved therefrom and stored.

While we do not commend that part of the instruction which says, "It is undisputed from all the evidence in this case that . . . he has made out a prima facie

case," yet under all the facts in this particular case, we feel safe in saying that appellant was. not harmed by it, and that the record affirmatively shows that the merits of this cause were fairly tried and determined in the court below, and that the verdict of the jury was right upon the evidence. *Kuhn* v. *Bowman* (1910), 46 Ind. App. 677, 93 N. E. 455; *Ohio Oil Company* v. *Detamore* (1905), 165 Ind. 243, 73 N. E. 906.

Conversion, as a tort, consists either in the appropriation of the personal property of another to the party's own use and benefit, or in its destruction, or in exercising dominion over it, in exclusion and defiance of the rights of the owner or lawful possessor, or in withholding it from his possession, under a claim and title inconsistent with the owner's. *Beaver Products Co.* v. *Voorhees* (1924), 81 Ind. App. 181, 142 N. E. 717.

In an action for conversion, the defendant's good faith in assuming dominion and control of plaintiff's goods is immaterial, as a wrongful intent is not an essential element of conversion; it is sufficient if the owner of the property has been deprived thereof by the act of another assuming an unauthorized dominion and control over it. And a demand is necessary only as evidence of a wrongful conversion when the defendant came into possession of the property lawfully. *Salvation Army* v. *Ellerbush* (1928), 87 Ind. App. 682, 161 N. E. 638.

Appellant contends that instruction No. 8 erroneously states the measure of damages. The court said in the case of *Aufderheide* v. *Fulk* (1917), 64 Ind. App. 149, 112 N. E. 399, at page 153: "It is true that the measure of damages in cases of conversion is as stated in many instances, but such rule, while generally recognized, is not applicable to all kinds of property under all conditions and is subject to some excep-

tions. Articles in actual use in furnishing and equipping a home and wearing apparel in use, even though they may have some second-hand market value, are not governed by the general rule of market value, for the law recognizes that they have a value when so used in the home that is not fairly estimated by their value as second-hand goods on the market. Where subordinate rules for the measure of damages run counter to the paramount rule of fair and just compensation, the former must yield to the principle underlying all such rules."

The appellant contends that the verdict of the jury is not sustained by sufficient evidence, is contrary to law, and that the damages assessed by the jury are excessive. Upon an examination of the evidence in this case, we find that there is ample evidence to sustain the verdict of the jury and the amount of their verdict.

Finding no reversible error, the judgment is therefore affirmed.

Judgment affirmed.