## PAYNE v. MOORE ET AL.

[No. 4,359. Filed February 27, 1903. Rehearing denied June 26, 1903.]

PARTY WALLS.—*Excavations.—Damages.—Complaint.*—A complaint for damages resulting from an injury to a wall located at the edge of an adjoining lot, caused by excavations made by the adjoining owner, which fails to allege that it was a party wall, that the excavating was negligently done, or the length of time the wall had stood, is bad against demurrer. *pp. 363, 364.*

SAME.—*Excavations.—Damages.—Action by Lessee.*—The fact that an excavation which injured a wall and damaged the property of a lessee of a building was made by the adjoining owner with the knowledge and consent of the owner and lessor of the building in which the damaged property was situated would not affect the right of the lessee to recover from the adjoining owner damages for the property destroyed. *p. 364.*

SAME.—*Excavations.—Damages.—Knowledge.*—The fact that the lessee of a building had knowledge of excavations being made by an adjoining owner which injured the wall of the building and did not interfere therewith would not relieve the adjoining owner from liability for injury to lessee's property. *pp. 364, 365.*

PLEADING.—*Harmless Error.*—Where the material facts set up in an answer were provable under the general denial which was filed, error in sustaining a demurrer thereto was harmless. *p. 365.*

Payne v. Moore.

APPEAL AND ERROR.—*Waiver.*—Specifications of error not discussed are waived. *p. 366.*

SAME.—*Record.*—*Instructions.*—Instructions can not be considered on appeal where it does not appear by proper order-book entry that they were filed. *p. 366.*

SAME.—*Evidence.*—*Record.*—*Precipe.*—*Certificate.*—Where the precipe directed the clerk to prepare and certify "a full, true and complete transcript of all the proceedings, docket entries, motions, instructions asked, given, and refused, bills of exceptions, and all papers and affidavits on file, together with the motion for a new trial, and evidence, and judgments, and to certify the original manuscript of the evidence," and the clerk certified that the foregoing "is a full, true, and complete transcript from the records in my office of all the pleadings, papers, entries, order-book entries, records, affidavits, bills of exceptions embodying the evidence, together with the motion for a new trial, instructions and all other motions and orders given in said cause," and further certified that, after the trial, at the request of defendant's attorney, the reporter filed in the clerk's office her original long-hand manuscript of the evidence, duly certified, which was embodied in a bill of exceptions, and, after being certified and signed by the judge, was filed, it can not be said that the original manuscript of the evidence is not embraced in the bill of exceptions, and the evidence is in the record. *pp. 366-368.*

EVIDENCE.—*Reference to Documents.*—*Cross-Examination.*—Where in the trial of an action for damages to property the plaintiff testified to the value of the different items of property by reference to an invoice thereof made by himself and wife with a view of selling a half interest therein to a third person, it was proper to cross-examine him as to the source from which he got the values, and as to his opinion of the values of the items of property without reference to the inventory. *pp. 369, 370.*

From Putnam Circuit Court; *P. O. Colliver*, Judge.

Action by Charles E. Moore and another against Moses D. Payne and Elizabeth R. Batman. From a judgment for plaintiffs, and for Elizabeth R. Batman on her cross-complaint, defendant Moses D. Payne appeals. *Reversed.*

*J. P. Allee, T. T. Moore* and *R. P. Carpenter*, for appellant.

*S. A. Hays* and *J. H. James*, for appellees.

COMSTOCK, J.—This action was brought by the appellees, Charles E. Moore and Mary L. Moore, husband and

wife, and partners in the business of publishing a news-
paper and conducting a printing office in the town of
Roachdale, Putnam county, Indiana, against appellant and
Elizabeth R. Batman, to recover damages claimed to have
been sustained by the appellees by reason of the appellant
and appellee Batman, or the appellant with the knowledge
and consent of appellee Batman, unlawfully, wilfully, and
wrongfully excavating and removing the support of a cer-
tain wall which formed the east wall of the building used
and occupied by appellees as a printing office, thereby caus-
ing said wall to fall into the room occupied by appellees,
and upon and over the presses, machinery, and tools belong-
ing to appellees, to their damage in the sum of $2,000.
Elizabeth R. Batman filed her cross-complaint against her
codefendant Payne for damages to building by reason of
the same facts.  The complaint was in three paragraphs.
The cause was put at issue as to the complaint and the
cross-complaint, and upon trial by jury a verdict was re-
turned in favor of the appellees Moores for $1,500, and in
favor of appellee Batman upon her cross-complaint for
$125, upon which judgments were duly rendered.  It
does not appear upon which paragraph the verdict was
rendered.

The first specification of error discussed is the action of
the court in overruling appellant's demurrer for want of
facts to the first paragraph of the complaint.  Said para-
graph is as follows: Plaintiffs say that "on the ——
day of June, 1901, the plaintiffs were in the legal
and peaceable possession, as lessees, of a certain one-
story brick building, situate on part of lot number twelve,
block number four, in the town of Roachdale, Putnam
county, Indiana, in which they were then, and for some
months prior thereto had been, carrying on the business of
printing and publishing a newspaper and operating a news
and job printing office; that on or about the —— day of

June, 1901, the said defendants, Payne and Batman, unlawfully and without right, entered upon the lot adjoining the said premises so occupied by these plaintiffs, and wrongfully and without right dug and excavated the earth near and adjoining to the building so occupied by these plaintiffs, and unlawfully and purposely destroyed the support of the brick wall which formed the east wall of the building so occupied by these plaintiffs, thereby purposely, wilfully, wrongfully, and unlawfully causing said brick wall to fall and to be thrown down and into the room then and there occupied by these plaintiffs, upon and against and over the machinery, type, tools, and materials then and there contained in said room, and then and there the property of these plaintiffs, then and there and thereby breaking, damaging, and destroying said machinery, tools, paper, and other material belonging to these plaintiffs, and then and there and thereby damaging and injuring the plaintiff in the sum of, to wit, $1,500, for which plaintiff prays damage and all other proper relief."

It is urged against this paragraph that the building occupied by appellees was upon the edge of the adjoining lot, and that under such allegation neither the landlord not tenant would have an easement in the adjoining lot for support until the building had stood and had the advantage of the support for twenty years. *Moellering* v. *Evans,* 121 Ind. 195, 6 L. R. A. 449, is cited in support of this claim. See, also, *Bohrer* v. *Dienhart Harness Co.,* 19 Ind. App. 489. Appellees meet this objection with the statement that the case cited is not applicable "to a party wall built as in this case, one-half on each of the adjoining lots, each adjoining proprietor owning one-half of the wall, and having an easement for lateral support in the other half." The paragraph in question herein contains no averment showing that the wall is a party wall and standing one-half on each of the adjoining lots. The case cited is decisive of the question. It

is proper to add here that there is no allegation that the work was done negligently or carelessly. The demurrer should have been sustained.

The second and third paragraphs of the complaint allege that the wall in question was a party wall between the properties of appellant and appellee Batman; that the appellant did the excavating, which caused the wall to fall, upon his own property, with the knowledge and consent of appellee Batman, and that under such facts appellant would not be liable for the injury of the property of appellees. The consent of appellee Batman to the acts of appellant could not affect the right of appellees Moores to recover for damage to their property.

It is next urged that the court erred in sustaining appellees Moores' demurrer to the second paragraph of the appellant's answer to the complaint. The second paragraph of appellant's answer seeks to answer each and all of the paragraphs of plaintiffs' complaint, and sets up an agreement in connection with the purchase of the two and one-half feet of ground by appellant from appellee Batman, that the wall, one-half of which stood on the ground so purchased, should be and become a party wall, and that appellant should have the right to use said wall as a party wall, to build onto the same, extend the same, and do such other things as he would have a right to do in connection with a party wall of which he was one of the proprietors. The averments of the second paragraph of answer as to appellant's rights in connection with said wall do not show that anything was added to his right to destroy said wall, or that his liability as fixed by law was in anywise limited. He had the right, as one of the proprietors, to build to said wall or use the same in connection with his building, but not to destroy the same or interfere with the use of the same by the other owners. He had a right to do these things so long as he did not injure the other owners. As the court said in *Brooks* v. *Curtis*, 50 N. Y. 639, 10 Am. Rep. 545,

"he must insure the safety of the operations." That the appellees had knowledge of such agreement and did not interfere with the appellant in doing the work could not relieve appellant from liability. If the wall was a party wall and appellant owned one-half of it, and owned the lot on which he has making excavations, appellees Moores had no right to interfere with or to enjoin his work, but they had a right to assume that he would keep within his legal rights and not disturb the building occupied by appellees or destroy their property. Neither were they required to anticipate that appellant would deprive that part of the wall, which they held under their contract with appellee Batman, of the easement of lateral support to which it is entitled, and abandon their lease and remove their property from the building to prevent its destruction. On the contrary, knowing that the right to use said wall and build did not carry with it the right to destroy it, and that the appellant was bound at his peril not to disturb it to their injury, appellees were not bound to abandon said premises to protect their property. Besides the material facts set up in said paragraph were provable under the general denial, which was filed, and the error, if any, was therefore harmless.

It is contended that the court erred in sustaining objections to certain questions propounded to various witnesses, and in admitting certain evidence over the objection of appellant, and in giving certain instructions to the jury; and that the amount of the recovery is too large. Appellees insist that neither the evidence nor the instructions are in the record, and that in the discussion of these points the rules of the court are not complied with by proper references to the record showing the rulings of which appellant complains.

The judgment must be reversed for the first error discussed, and as the other questions may not arise upon a second trial they are not considered.

As against appellee Batman, appellant assigns as errors that the court erred in overruling his demurrer to her cross-complaint, and in overruling appellant's motion for a new trial upon the issues formed upon said cross-complaint. The appellee Batman filed a cross-complaint against the appellant, claiming damages on account of the injury to said building caused by the falling of said party wall, and the appellant filed a cross-complaint against his codefendant Batman in which he alleged the purchase from said Batman by appellant of two and one-half feet of ground, including one-half of said wall, and as a part of the consideration of such conveyance said Batman then and there released to the appellant the right to construct said wall and said buildings as in his judgment he deemed best; that appellant and said Batman should each keep in repair and maintain one-half of said wall and that each should have an equal right to use the same and alleging the destruction of said wall without fault of appellant, and the rebuilding of said wall by the appellant, for the joint use of appellant and appellee Batman, at an expense of $500, and asked judgment against his codefendant for one-half the cost of rebuilding said party wall. The first-named specification is not discussed, and under the rule is therefore waived.

The causes for a new trial relate to the evidence and the instructions of the court. It is claimed by appellee Batman that the instructions are not properly in the record because it does not appear by proper order-book entry that they were filed, and that therefore they can not be considered. An examination of the record sustains this claim. Instructions relating thereto can not be considered.

It is also claimed that the evidence is not in the record. The precipe is as follows: "The clerk of said court will prepare and certify a full, true, and complete transcript of all the proceedings, docket entries, motions, instructions asked, given, and refused, bills of exceptions, and all papers and affidavits on file, together with the motion for a new

trial, and evidence, and judgments, and to certify the original manuscript of evidence in the above-entitled cause, to be used on an appeal to the Appellate Court of the State of Indiana."

It is claimed that the precipe directs the clerk to certify all the bills of exceptions and original manuscript of the evidence, and that he could not do this without copying them; that the transcript does not purport to contain copies of either, but attempts to make the original bill of exceptions, embracing the evidence, a part of the record, without copying, and that this could not be done by following the directions of the precipe. The clerk certifies that the foregoing precipe "is a full, true, and complete transcript from the records in my office of all the pleadings, papers, entries, order-book entries, records, affidavits, bills of exceptions, and evidence, and bills of exceptions embodying the evidence, together with the motion for a new trial, instructions, and all other motions and orders given in said cause. * * * That after said trial, at the request of John P. Allee, the attorney for Moses D. Payne, defendant in said cause, said reporter on the 19th day of February, 1902, filed in my office her original longhand manuscript of said shorthand notes of said evidence, which longhand manuscript was duly certified to by said reporter, and that afterwards said longhand manuscript of said evidence was on the 19th day of February, 1902, embodied and incorporated in a bill of exceptions by said defendant, which, after being duly certified and signed by Presley O. Colliver, judge of said court, was on the 19th day of February, 1902, filed by said defendant in my office; that said longhand manuscript of the evidence in said cause, embodied in said bill of exceptions so filed as aforesaid in my office, is the same longhand manuscript thereof filed in my office by said official reporter before the same was embodied in said bill of exceptions, and that said bill of exceptions so embodying the evidence in said cause was filed in my office by said defend-

ant on the 19th day of February, 1902, and within the sixty days limited therefor by said court." In the face of this certificate we can not say that the original manuscript of the evidence is not embraced in the bill of exceptions. The evidence is in the record.

J. W. Blades testified, on behalf of the cross-complainant, that, as her agent, he did not give his consent to the appellant to make the excavation. Cross-complainant Batman, in her own behalf, testified that she did not give her consent to the appellant to make the excavation. To meet this testimony the appellant testified that he had the consent of Mrs. Batman to make the excavation as he did. James E. Edwards was present at the time of the purchase of the wall, and knew the conditions. Appellant offered to prove by him that Mrs. Batman at the time the deed was made gave her consent for him to make the excavation as part of the consideration of the purchase. The evidence was excluded and exception taken. We think this evidence should have been admitted, not only to corroborate appellant's own testimony, but because the cross-complainant had offered the issue in her pleadings and in her evidence.

The judgment is reversed, with instructions to the trial court to sustain the demurrer to the first paragraph of the complaint, and to sustain appellant's motion for a new trial as to the cross-complaint of appellee Batman.


## ON PETITION FOR REHEARING.

COMSTOCK, J.—Appellees Moore and Moore ask a rehearing in this cause upon the alleged error of the court in holding that the first paragraph of the complaint did not show a cause of action. The holding was upon the authority of *Moellering* v. *Evans*, 121 Ind. 195, 6 L. R. A. 449. The case was cited by appellant, and the argument against the sufficiency of the paragraph based upon said case. Appellees met the argument with the claim that that case, to

quote from appellees' brief, "was not applicable to a party wall built, as in this case, one-half on each of the adjoining lots, each adjoining proprietor owning one-half of the wall and having an easment in the other half." This position was fairly taken as an admission that if the paragraph did not show that the wall in question was a party wall, the case was controlling. It did not show such fact, and the reason upon which appellees contended the case was not applicable failed.

But counsel insist that the averments of this paragraph that defendants negligently and unlawfully did the excavation that caused plaintiff's building to fall are sufficient to make it good. The characterization of the acts without averments showing that the acts were unlawfully done is not sufficient. The purpose of a party in doing a particular thing is not material, if he had the right to do it.

Appellee Moore testified, over appellant's objection, in his examination in chief, to the value of different items of property in question, by reference to an invoice made by himself and his wife with a view of selling a half interest in the same to a third party, the prospective purchaser taking no part in the invoice. Upon cross-examination, appellant propounded to him the following questions: "I will ask this witness to state on your cross-examination, in reference to the value that you fixed on this type that you had on hands at the time that this building fell, what was the fair market value of that type that you had on hands at that time, if placed on the market for sale, without any reference to the list price?" "Now, then, do you know, without reference to the figures, that you testified from here—do you know what the fair market value, without any reference to any list price or any figures you made—the fair market value of all that type that you had on hands at that time?" "Now, then, will you tell this jury, without any reference to any inventory or price lists, if that engine was put on the

market for sale, what would be the fair market value of that engine at the time that this building fell ?" "Then, it was a second-hand engine, wasn't it ?" "Now, then, Mr. Moore, without reference to the list price you spoke about in your answer on the list prices of second-hand engines, or the list price of first-class engines or new engines, what would you say the fair market value of that engine was, if placed on the market for sale on the 19th day of last June ?" "In making your estimate on yesterday of the values of this engine, from what source did you get the value, if any ?" "Did you take it from figures or from an invoice ?" "It is listed at $550 ?" In response to the following question propounded to him on his cross-examination: "Now, then, you may tell the jury, if you know, what the fair market value of that press was at the time that this building fell, if placed on the market. Tell the jury what it was." To each of the foregoing questions the court sustained appellees' objection. The questions were proper upon cross-examination, and the court erred in excluding them.

Petition overruled.

Roby, J., concurring.—I think the questions set out should have been answered, and concur in the result reached.