TIDEY *v.* KENT CIRCUIT JUDGE.

1. ASSIGNMENTS—ATTORNEYS—VALIDITY—CHAMPERTY.
    Transfers to attorneys or agents for convenience of suit or by way of security are not prohibited by 1 Comp. Laws, § 1135 (5 How. Stat. [2d Ed.] § 12553), if the plaintiff does not appear to have bought the claim with intent to prosecute it for profit.

2. ARREST—MOTIONS—CAPIAS AD RESPONDENDUM—MANDAMUS.
    It was not the proper place to try an issue whether plaintiffs had violated the statute prohibiting attorneys from buying claims to prosecute, etc., upon defendant's motion to quash a writ of *capias ad respondendum:* the question should be disposed of at the trial.

3. CORPORATIONS—FOREIGN CORPORATIONS—CARRYING ON BUSINESS—LICENSE.
    A foreign copartnership association, limited, is not engaged in doing business in Michigan, in merely paying or attempting to pay debts due in this State.[1]

[1] On the question whether a single or isolated transaction by foreign corporation is "doing business" within the State, see note in 10 L. R. A. (N. S.) 693.

4. ARREST—CIVIL PROCESS—CAPIAS AD RESPONDENDUM AFFIDAVITS
—SUFFICIENCY.

   *Held,* on review of an order refusing to quash plaintiff's
   writ of capias, that the allegations of the affidavits, on
   which the writ were based in trover, were on personal
   knowledge.

5. TROVER AND CONVERSION—CHECKS—KNOWLEDGE OR GOOD FAITH
AS A DEFENSE.

   In an action of trover for wrongfully converting a check
   intended for another payee of similar name to that of de-
   fendant, it was not a defense that the defendant had ex-
   pended the money received before he knew that the check
   was not intended for him.

Mandamus by Charles H. Tidey against John S.
McDonald, one of the circuit judges of the county of
Kent, to require respondent to grant relator's motion
to quash a writ of capias. Submitted January 20,
1914. (Calendar No. 25,944.) Decided March 27,
1914.

*Rarden & Rarden,* for relator.

*Smedley, Linsey & Lillie,* for respondent.

STEERE, J. Relator was arrested upon a *capias ad
respondendum* sued out of the circuit court of Kent
county in an action there commenced against him by
Charles O. Smedley as plaintiff. He thereupon fur-
nished bail in the sum of $500, that being the amount
indorsed upon said writ by the circuit judge, and later
moved the court, through his counsel, for an order
quashing the writ and dismissing all proceedings in
said cause. This motion was denied, and relator seeks
by mandamus from this court to compel the circuit
court to grant said motion. The case is now before
us on return to an order from this court to show cause
why a writ of mandamus should not issue.

The action in which the capias sought to be quashed
issued, entitled *Smedley* v. *Tidey,* was brought to re-

cover the amount of a check for $425 issued by J. R. Moodie & Sons, Limited, a foreign copartnership, and sent to Grand Rapids, Mich., for the purpose of paying a debt owed by Moodie & Sons to the Grand Rapids Textile Machinery Company, but which fell into relator's hands, was cashed, and the proceeds appropriated to his own use. Smedley is an attorney at law, and brought the action in his own name under an assignment of the claim given to him by Moodie & Sons.

The various grounds for relator's motion to quash are correctly summarized in respondent's return as follows:

"(a) The action is not one sounding in tort.

"(b) The affidavits of Charles H. Lillie and Charles O. Smedley are not based upon their personal knowledge.

"(c) J. R. Moodie & Sons, Limited, is a foreign limited copartnership, and is not authorized to do business in this State.

"(d) Charles O. Smedley, the plaintiff, is an attorney at law, and the assignment of this claim and cause of action to him is void under sections 1135 and 1136 of the Compiled Laws of 1897.

"(e) The affidavit of James Moodie was not properly executed in compliance with the provisions of Act No. 191 of the Public Acts of 1909."

Moodie's affidavit, purporting to have been sworn to before a notary public in the Province of Ontario, Canada, is concededly not authenticated in accordance with our statutory requirements, and must be eliminated from consideration.

Relator's claim that the proceedings are void because Smedley took an assignment of the claim and brought the action in his own name is based upon the provisions of section 1135, 1 Comp. Laws, that:

"No attorney, solicitor or counsellor shall, directly or indirectly, buy, or be in any manner interested in buying, any bond, promissory note, bill of exchange,

book debt or other thing in action, with the intent and for the purpose of bringing any suit thereon."

It appears that, for some time prior to commencing the action in which this capias was issued, the law firm of Smedley, Linsey & Lillie, of which plaintiff was a member, held this claim for collection, and had instituted proceedings to collect it in the name of Moodie & Sons, which were discontinued. On October 3, 1913, said law firm wrote relator's attorneys, giving notice of discontinuance of the case of *Moodie & Sons* v. *Tidey*, and saying:

"We have started suit here. James R. Moodie & Son are not longer concerned in this matter, the claim belongs to Charles O. Smedley, and the case is now Charles O. Smedley against Charles H. Tidey."

Counsel for relator urge, "The record shows overwhelmingly that this claim was bought by Mr. Smedley 'with the intent and for the purpose of bringing suit thereon,'" and therefore the action in his name is a clear violation of the statute.

The statute in question has been before this court several times, and has been construed as not prohibiting transfers to agents or attorneys for convenience of suit or by way or security, where the plaintiff is not shown to have bought the claim solely with intent to prosecute it for the purpose of profit. *Town* v. *Tabor*, 34 Mich. 262, 267; *Herbstreit* v. *Beckwith*, 35 Mich. 93; *Smedley* v. *Dregge*, 101 Mich. 200 (59 N. W. 411); *Belden* v. *Blackman*, 118 Mich. 448 (76 N. W. 979). While the statement in counsel's letter that the claim belongs to Smedley, and Moodie & Sons are no longer concerned in the matter may tend to raise an issue as to a violation of the statute, it is not an issue triable on affidavits in this preliminary proceeding, but rather for disposition at the trial of the case on the proofs there produced.

The contention that J. R. Moodie & Sons, Limited,

being a foreign limited partnership, is not authorized to do business in this State, requires little consideration, as the record discloses no attempt on their part to do business in the State beyond an effort to pay a debt to parties located in this State, the remittance for which went astray. Paying debts to parties in this Commonwealth is not a line of business, nor doing business, which the statute was designed to prevent.

The remaining question is whether the affidavits of Lillie and Smedley filed in support of the capias state a cause of action sounding in tort, based on personal knowledge.

In brief, the affidavit of Smedley states his residence; that he owns the claim in question, which is for the sum of $425; that it is based on a certain check, a copy of which, with indorsements, is set out in full; that said check was made by, and said claim formerly belonged to, Moodie & Sons, who assigned the same to him; that the check was wrongfully converted by relator to his own use, and he has not paid the same to deponent or his assignor. Reference is also made to the attached affidavits of Lillie and Moodie for fuller description and particulars.

The somewhat lengthy affidavit of Lillie purports to state facts coming within his personal knowledge, or derived from statements and admissions made to him by relator. Amongst other things, it states that J. R. Moodie & Sons, a limited copartnership of Hamilton, Ontario, being indebted in the sum of $425 to the "Grand Rapids Textile Machinery Company," then located in Grand Rapids, Mich., on November 27, 1911, sent their check for said amount to Grand Rapids for the purpose of paying said indebtedness; that said check was made out and mailed to the"Grand Rapids Machinery Company," the word "Textile" being omitted by a clerical error from the name; that relator was doing business at Greenville, Mich., under

the name of the "Grand Rapids Machinery Company," and had formerly done business in Grand Rapids in that name, selling secondhand machinery, and after he went to Greenville he instructed the Grand Rapids postmaster to forward his mail to the latter place; that relator had authorized his wife to look after his business affairs in his absence, to open his letters, read his mail, and cash his checks; that the letter containing the check in question was forwarded from Grand Rapids to Greenville, where it was received by relator's wife in his absence, the check taken out and indorsed by her, as relator's agent, "Grand Rapids Machinery Company, A. L. Tidey," and cashed at the Greenville bank, the money being received thereon and delivered to relator, who spent it, and thus converted the same to his own use; that relator admitted to affiant he had so received the money and appropriated it; that it did not belong to him, and promised he would pay it as soon as he could, but refused to fix any time, and, being repeatedly pressed to pay the same, stated finally that a judgment against him would be of no account, and he would not pay it until he had to. The essence of this is a wrongful conversion of the proceeds of this check by relator to his own use, shown by facts actually known to deponent of his own knowledge or admissions made to him by relator.

While it may not directly aid to establish technical sufficiency of the affidavits on which the capias issued, yet, as bearing on his claim of oppression and unfair treatment, in an application for a writ which is not strictly one of right, we note that relator, in his affidavit on which the motion to quash is based, admits, in substance, the unlawful conversion of the money, stating in extenuation "that the defendant had spent the money received thereon before he knew that it did not belong to him."

The fact that relator acted under mistake, in ignorance of who was the actual owner, or even in the belief that the money was his own instead of that of another, does not constitute a defense in trover. 38 Cyc. p. 2011; *Gibbons* v. *Farwell,* 63 Mich. 344 (29 N. W. 855, 6 Am. St. Rep. 301); *Kenney* v. *Ranney,* 96 Mich. 617 (55 N. W. 982).

The affidavits referred to are not stated to be upon information and belief, but purport personal knowledge by affiants of the facts related, stating circumstances and admissions of defendant from which the essential facts tending to establish a tort may properly be deduced with reasonable certainty, sufficient to authorize the capias. We think the affidavits show an unlawful conversion of the check and its proceeds.

The writ of mandamus prayed for is denied.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and MOORE, JJ., concurred.