INDEPENDENT FIVE AND TEN CENT STORES OF NEW YORK
*v.* HELLER.

[No. 23,214.    Filed May 28, 1920.    Rehearing denied October 27, 1920.]

1. PARTY WALLS.—*Rights and Liabilities of Lessees.*—*Wrongful Alterations.*—*Action.*—A lessee of a building and of the first floor and basement of the building adjoining who made alterations on the basement and first floor levels, in the party wall between said structures, the wall being a support to each floor of both buildings, and belonging, for that purpose and to the extent required, to such lessee and to the lessee of the remaining floors or upper portion of the second building, and who, in so making such alterations, undertook such work without any authority from the other lessee, did the work at his own risk, though authorized thereto by the respective lessors, and for injury to such other lessee, in his rights, possession and property on the upper floors, was chargeable, though he may have exercised due care in so doing. p. 557.

2. PARTY WALLS.—*Wrongful Alterations.—Defenses.—Independent Contractor.*—It is not a defense to an action for the wrongful making of alterations, resulting in the collapse of a party wall, that the work thereon had been performed by an independent contractor. p. 558.

3. APPEAL.—*Theory.—Verdict.*—That appellee, by his complaint, tendered an issue of the negligent manner of making the wrongful alterations in a party wall complained of, and that, on the trial, much time was spent by the parties upon such issue, cannot be availed of by appellant to indicate and preclude a change by appellee, on appeal, of his theory of liability, where a general verdict has been returned for appellee settling the question of negligence in his favor, and where the complaint and proof are sufficient to show and support a cause of action of which negligence is not an element. p. 560.

4. TRIAL.—*Interrogatories.—Answer of "No Evidence" as to Particular Item of Damages.—Motion for Judgment.*—Where the jury returned an answer of "no evidence" to an interrogatory addressed to but one of various items of damage in issue, and fixed the amount of plaintiff's damage by a general verdict, such answer does not justify judgment for defendant upon the other items, and a motion for judgment, based thereon, was properly overruled. p. 561.

5. INTEREST.—*Torts.—Damages.—Instructions.*—In an action *ex delicto*, where the amount of damage can be learned with reasonable certainty or by fixed standards, the jury have no discretion as to whether, or at what rate, interest shall be allowed, and an instruction directing the allowance of interest at the legal rate, in addition to the damage so arrived at, is proper. p. 561.

6. EVIDENCE.—*Expert Testimony.—Opinion Based on Facts Stated by the Witness.*—In an action for damages resulting from the collapse of a party wall, an architect, qualified as an expert witness to the satisfaction of the court, and who has testified to his examination of, and acquaintance with, the wall in question, and who has in detail stated to the jury the results of such examination and the facts and conditions found by him, may give opinions in evidence, based on such facts as he had stated to the jury. p. 562.

From LaPorte Circuit Court; *James F. Gallaher,* Judge.

Action by Adolph H. Heller against Independent Five and Ten Cent Stores of New York. From a

judgment for plaintiff, the defendant appeals. *Affirmed.*

*Osborn & Osborn, Arthur L. Hubbard* and *Samuel B. Pettingill,* for appellant.

*G. A. Farabaugh, Marshall L. Howell* and *Harry R. Wair,* for appellee.

HARVEY, J.—Appellee was, at the time of the happenings hereinafter described, the lessee and in possession of building No. 116, South Michigan street, South Bend, Indiana, and of all floors of the adjoining building, No. 114, above the first. Appellant was the lessee of the first floor and basement of No. 114 for use in connection with appellant's business conducted in the adjoining building, No. 112, of which appellant was also the lessee. A party wall between buildings Nos. 112 and 114 was a part of each of said last-named buildings, and was depended upon by each of said parties for support of his leased portion thereof.

Appellant, defendant below, desired to remove said partition, or party wall, between said first floor rooms, in order that it might use the first floors of Nos. 112 and 114 as one salesroom, and desired to cut a door in the foundation wall supporting said party wall for a passageway to and from the basement of No. 114.

With the consent of defendant's lessor defendant so did, substituting on the first floor iron columns or posts for the wall removed. When said alterations were practically completed and defendant was moving a portion of its stock of goods into the first floor and basement of No. 114, said partition wall gave way, and the floors of the respective parties supported thereby and the goods of each on said floors were dropped toward, or into, said basement.

The said party wall belonged to plaintiff as lessee so far as support of his leased upper floors of said building was needed; he was in peaceable and lawful possession thereof; and any disturbance thereof to his injury was, so far as appears, unauthorized and wrongful. Defendants had like interest and rights in said party wall, and had the consent of the respective lessors to make therein the said alterations. Its right to make such alterations did not, however, permit it to disturb plaintiff's possession or enjoyment of his leased portion of said wall, or its support.

The foregoing facts are shown by the record to be undisputed. From these facts it follows that, when defendant undertook to so change said wall, 1. defendant did so at his own risk, and, if injury to plaintiff's rights and possession, and to his property on the upper floors, proximately resulted therefrom, defendant was chargeable therewith. This is the law, though defendant may have exercised due care in so doing. *Cartwright* v. *Adair* (1901), 27 Ind. App. 293, 301, 61 N. E. 240; *Payne* v. *Moore* (1903), 31 Ind. App. 360, 66 N. E. 483, 67 N. E. 1005; *Briggs* v. *Klosse* (1892), 5 Ind. 129, 31 N. E. 208, 51 Am. St. 238.

Whether defendant's conduct in changing said wall caused the same to collapse, or whether said wall collapsed because of some fact not connected with defendant's work, was a disputed question.

Defendant's first paragraph of answer was a general denial. Upon the issue thus made, as well as the issue made upon the second paragraph, which will be noted later, the cause was tried by a jury, and a general verdict for the plaintiff was found, fixing the amount of plaintiff's damages; and this verdict must

be sustained unless during the progress of the trial some harmful error was committed by the court tending to produce said result.

Appellant by its second paragraph of answer set up at length facts by which appellant endeavored to show that said work for appellant upon said wall was done after due care in the selection of an architect to prepare plans and specifications, and after due care in the selection of a contractor to perform said work, and under a contract which constituted the latter an "independent contractor," and that therefore appellant was not responsible for the results, even though said results were produced by such contractor's negligence.

The much greater proportion of all the questions which appellant presents here are disposed of if it be found that the doctrine of "independent contractor" does not apply under such circumstances. Having determined the nature of appellee's rights in said wall, and having determined that appellant under the undisputed facts had no right to disturb appellee's said possession to his injury, and that he assumed the risk of such disturbance, and the jury having determined that appellant caused, by its work, said wall to collapse, it is immaterial whether appellant used due care in the prosecution of said work; and it must follow that appellant could not lessen its responsibility by employing a third person as an independent contractor to do said work. *Sessengut, Admx.,* v. *Posey* (1879), 67 Ind. 408, 23 Am. Rep. 98. See, also, 14 R. C. L. §§24, 26, 30, 35, subject, "Independent Contractor."

Proof of the matters set up in said second paragraph of answer does not constitute a defense.

Therefore, all questions depending upon the suffi-
ciency of the facts alleged in said answer presenting
the defense of independent contractor are determined
against the defendant. This includes (1) the overrul-
ing of defendant's motion at the close of the evidence
that the court direct a verdict in favor of defendant;
and (2) the overruling of defendant's motion for a
judgment on the answers to interrogatories, notwith-
standing the general verdict, and (3) the giving of
instruction No. 8.

The foregoing observations have ignored the alle-
gations in the complaint that said work was negli-
gently done; but defendant earnestly insists that the
issues were made and tried solely upon the theory
that it was necessary for plaintiff to show that said
work was negligently done, and that defendant was
called upon to meet said theory only; and that there-
fore the doctrine of "independent contractor" was in
issue and was tried; and that it is unfair now to allow
plaintiff, as defendant alleges plaintiff has done pend-
ing this appeal, to assert a wholly different theory,
to wit, that defendant was in fact a trespasser on
plaintiff's rights, and that a trespasser cannot pro-
tect himself by employing an independent contractor
to commit the trespass.

It is undoubtedly true that the complaint specific-
ally and repeatedly charges that said work was neg-
ligently done by defendant, and it is likewise true
that upon the trial of the cause much time was spent
by defendant in an endeavor to show that the work
was done with due care, and by plaintiff to show that
it was negligently done.

Defendant asserts that plaintiff planted plaintiff's
case on the theory that defendant was not liable un-

less defendant's negligence caused the collapse.
3.    In other words, that defendant had a right to
cut the wall without being responsible for re-
sults, unless it appeared that defendant negligently
cut the wall, and that therefore the negligence of an
independent contractor was not chargeable to the
defendant.

But this does not necessarily follow, as the funda-
mental and respective relationships of the parties to
these properties are recited in the complaint, and
were such that defendant could not shift from
himself the results of an invasion of another's prop-
erty rights to their injury, and then defend by show-
ing that the negligence, if any, which caused the fall
was that of a third person who had been selected by
the defendant to enter plaintiff's peaceable posses-
sion and do this dangerous work.   In other words,
this theory must be tried upon the proposition that if
there was negligence it was the negligence of the de-
fendant, although he may have employed an inde-
pendent contractor.

Therefore it still follows, even on defendant's the-
ory, that the doctrine of independent contractor is not
a defense, and that all questions presented by this
record based upon the doctrine of independent con-
tractor are determined against appellant.   If the inde-
pendent contractor was negligent, causing the injury,
such negligence is to be imputed to the defendant.
Whether there was negligence in making the changes
was, as above stated, fully tried before a jury, and
the jury's verdict, being supported by sufficient evi-
dence on this theory, settles the question, unless the
court erred in the remaining matters assigned.

Appellant asserts that, as the answer to interroga-

tory No. 11 states that there is "no evidence" as to "what was the fair cash, market value of that 4. part of plaintiff's stock of goods which was located in that part of the Shively Building which collapsed just before the collapse," this lack of evidence destroyed the general verdict which, and without evidence, fixed the amount of plaintiff's damages.

Other items of damage were in issue, and this answer is not that there was "no evidence" relating to said other items. The verdict allowed, for aught that appears, said other items; and, so far as the instant question is concerned, this answer does not justify judgment in favor of defendant for said other items. If there was no evidence as to the market value of the goods injured, the verdict may be far too large an amount, but no steps were taken to correct it on this account.

There was no error in overruling the motion for judgment on this answer.

Appellant complains that the court instructed the jury that plaintiff, if a finding is in his favor, "is entitled to recover interest on the amount of his 5. damages," and you "will add interest thereon," and that the court prescribed the rate at six per cent. Appellant's position is that in actions *ex delicto* it is within the discretion of the jury whether, and, if at all, at what rate, interest is to be allowed. This rule does not apply where the amount of damage can be learned with reasonable certainty, or by fixed standards, as in this case. See *New York, etc., R. Co. v. Roper* (1911), 176 Ind. 497, 96 N. E. 468, 36 L. R. A. (N. S.) 952, and decisions cited.

Appellant asserts that the court erred in permitting architects Young and Freyermuth to give opinions not based upon facts detailed by them, respectively, to the jury, nor assumed in a hypothetical question. This refers to quite a number of questions and answers set out in the motion for a new trial.

By the record we know that each of these witnesses satisfied the court of his education, knowledge and experiences as to the general subjects upon which his opinion was asked; and testified as to his examination and acquaintance with the building and wall in question; and in detail stated to the jury the results of such examination and the facts and conditions found by him; and each based his opinion upon such facts as he had stated to the jury. There was no error in permitting him so to do. *Bonebrake* v. *Board, etc.* (1895), 141 Ind. 62, 64, 40 N. E. 141; *Louisville, etc., R. Co.* v. *Falvey* (1886), 104 Ind. 409, 419, 3 N. E. 389, 4 N. E. 908.

Finding no reversible error, the judgment below is affirmed.