SALVATION ARMY, INCORPORATED, *v.* ELLERBUSH ET AL.

[No. 12,860. Filed May 15, 1928. Rehearing denied July 20, 1928.]

*Luther Benson,* for appellant.
*Charles O. Baltzell* and *Morton C. Embree,* for appellees.

McMAHAN, J.—This is an action by appellees against appellant. The complaint is in three paragraphs. The first is to recover damages caused by the alleged negligence of appellant in permitting water from an upstairs room to run down upon a stock of merchandise belonging to appellees. The second paragraph is for conversion of certain merchandise and the third is for the conversion of some lumber. There was a verdict and judgment for appellees. The only error assigned relates to the overruling of appellant's motion for a new trial, under which appellant contends the court erred in admitting and in refusing to admit certain evidence, in giving and in refusing to give certain instructions.

Appellant was the owner of a two-story building in the city of Princeton. The lower story was leased to and occupied by appellees for a general store. The upper story was used and occupied by appellant. On June 2, 1925, through the negligence of appellant, a large quantity of water was allowed to escape from the water fixtures on the second floor and damage a material part of appellees' stock of merchandise. Soon after June 10, appellees moved the undamaged portion of their stock of goods into another building, and, acting under an arrangement made with the real estate agent through whom they had leased appellant's building, they left the damaged goods in the storeroom in appellant's building, and retained possession of the storeroom.

Negotiations were had in an attempt to settle the amount of damage, but no settlement was reached. Appellees, after moving the undamaged goods, retained the keys to the building. Two or three months later, appellant, without the knowledge or consent of appellees, entered the storeroom through the basement, and

removed the damaged merchandise and the lumber, and locked the merchandise up in another room under its control.

Appellant makes no claim that the damage to the merchandise was not caused by its negligence, or that the amount of the recovery is too large.

The storeroom of appellant had been rented to appellees through Will R. Lamb, a real estate agent, to whom all rent was paid. Under date of June 18, 1925, Lamb, purporting to be acting as the agent of appellant, gave appellees a writing stating that he, as agent of appellant, had instructed appellees to leave the damaged merchandise in appellant's building without any rental charge until settlement could be made. This writing was, over the objection of appellant, introduced in evidence. This appellant contends was error. The objection to the introduction of the writing in evidence is that there is no proof that Lamb had any authority to authorize appellees to leave the goods in the room without any rental charge. The inference is that the writing in question was executed by Lamb a few days after appellees had moved the undamaged goods out of the building. Whether Lamb had any authority to execute it, and whether it gave appellees the right to retain possession of the building without payment of rent until appellant had settled the damages caused by the water, are not involved in this action. If appellant undertakes to collect rent from appellees, the question of Lamb's authority to execute the writing and its effect can be properly raised. The court properly instructed the jury that the right of appellees to leave the damaged merchandise in the building without payment of rent was not in issue in this case. While the court might have properly sustained appellant's objection, the introduction of the instrument in evidence does not amount to reversible error.

While appellee Ellerbush was testifying as a witness for appellees, the fact that there had been some negotiations between appellant and appellees was disclosed. There was no evidence as to what the parties said or did. It simply appeared there had been negotiations. On cross-examination, appellant's counsel asked the witness two or three questions the tendency of which was to elicit the fact that no settlement had been reached. Appellee's' objections to these questions were sustained. We are unable to see how appellant was harmed by the action of the court. There was no claim that a settlement had been reached. The only inference to be drawn from the record is that no settlement had been reached. Neither party was claiming there had been a settlement. The court did not err in sustaining the objections to these questions.

John Ellerbush, on direct examination, testified as to the fair market value and the retail value of the merchandise in question prior to the damage. He also stated that the market value and retail value were the same. On cross-examination, appellant asked what the wholesale price of the merchandise was. The court sustained an objection to this question. In support of the contention that the action of the court in this regard was a harmful error, appellant says that, since the testimony of this witness is all the evidence there was on the question of value, it was entitled to show the wholesale price of the merchandise. *Indianapolis, etc., Traction Co.* v. *Shepherd* (1905), 35 Ind. App. 601, 74 N. E. 904, cited by appellant is not in point. That was a condemnation proceeding, where the landowner had testified as to the value of the land sought to be condemned, and where it was held that, on cross-examination, he might be asked what he had paid for it. If, in the instant case, appellees had, within a reasonable time prior to the injury to the goods, purchased any of

them at retail, it would doubtless have been proper on cross-examination to have asked what he paid for them. But it was not proper to ask concerning the wholesale price. In *Payne* v. *Moore* (1903), 31 Ind. App. 360, 66 N. E. 483, 67 N. E. 1005, the witness had testified as to the value of certain personal property, by reference to an invoice made by the witness. It was held proper, on cross-examination, to ask him to give the market value without reference to the invoice. The court did not err in sustaining the objection and in refusing to permit proof of the wholesale price of the goods in question.

Instruction No. 8, of which complaint is made, after calling the attention of the jury to the fact that the second and third paragraphs of complaint were based upon an alleged conversion, told them that the question of good faith was not involved in either paragraph; that a wrongful intent is not an essential element of conversion; that it was sufficient if the owner had been deprived of his property by an act of another assuming an unauthorized dominion and control over it. Appellant insists it was acting in good faith in removing the goods in question for the purpose of making room for a new tenant, to whom it had rented the storeroom, and not with the intent of converting them to its own use, and that, under such circumstances, the question of its intent and good faith was a matter to be considered by the jury. Appellees had not surrendered possession of the storeroom to appellant. They had possession of the merchandise in question prior to its removal by appellant. Appellant had no right to enter the room and remove the merchandise. Its act in entering and moving the goods out of the storeroom was without right and amounted to a tortious act. Appellant may have thought it had a right to break into the building and remove the goods. But, in so doing, it acted without authority in law. In so

doing, it wrongfully exercised an act of dominion over the property of another. And, as was said in *Laverty* v. *Snethen* (1877), 68 N. Y. 522:

"The question of good faith is not involved. A wrongful intent is not an essential element of the conversion. It is sufficient if the owner has been deprived of his property by the act of another assuming an unauthorized dominion and control over it."

To the same effect, see *Kidder* v. *Biddle* (1895), 13 Ind. App. 653, 42 N. E. 293; *Pine, etc., Mfg. Co.* v. *American, etc., Const. Co.* (1924), 97 W. Va. 471, 125 S. E. 375; *Regas* v. *Helias* (1922), 176 Wis. 56, 186 N. W. 165; *Tidey* v. *Kent Circuit Judge* (1914), 179 Mich. 580, 146 N. W. 224; *Knapp* v. *Guyer* (1909), 75 N. H. 397, 74 Atl. 873; *Velsian* v. *Lewis* (1887), 15 Ore. 539, 3 Am. St. 184. And this is especially true where, as in the instant case, there is no claim for exemplary damages and where the measure of damages applied is the value of the property at the time of the conversion.

Instruction No. 3, tendered by appellant and refused, was to the effect that if appellant removed the goods from the room in order to make room for another tenant without any intention to wrongfully appropriate them to its own use and never refused on demand to turn them over to appellees, appellant would not be liable for conversion. Appellant contends that before it would be liable for a conversion a demand for the goods and a refusal to comply with a demand was necessary in order to make it liable for a conversion. If appellant's possession of the goods was legal, a demand would have been necessary. But, under the undisputed facts, appellant's acts in taking possession of the goods was tortious, and no demand was necessary before commencing suit. As was said in *Baker* v. *Lothrop* (1891), 155 Mass. 376, 29 N. E. 643: "Where

there is a tortious taking or an actual conversion, no demand is necessary." Demand and refusal are never necessary except as furnishing evidence of an unlawful conversion. If appellant had come into possession of the property lawfully, it could not be charged with conversion thereof, until after a demand and refusal. *Wood* v. *Cohen* (1855), 6 Ind. 455, 63 Am. Dec. 389; *MacDonnell* v. *Buffalo Loan, etc., Deposit Co.* (1908), 193 N. Y. 92, 85 N. E. 801.

Instruction No. 1, given at the request of appellees, was to the effect that the matter of the rent after the damage to the goods was not involved in this action. Appellant concedes there could be no reduction of damages because of the fact that appellees had not paid rent, but it insists that the claim of appellees that, under the instrument signed by Lamb, they were entitled to retain possession of the room was proper for the jury to consider in determining whether there had been a conversion. This being an action in tort, rent could not be a subject of answer, set-off or counterclaim. Nor was the question of rent a matter for consideration in determining whether there was or was not a conversion. There was no error in giving this instruction.

The next contention is that the court erred in giving instruction No. 2, tendered by appellees. By this instruction, the court, in effect, told the jury that Lamb had the legal right to authorize appellees to leave the damaged merchandise in the building without the payment of any rent until the differences between the parties relating to the injury to the property was settled. The objection urged to this instruction is that it invades the province of the jury by assuming the existence of the agency. The inference to be drawn from this instruction is that the jury could assume

Lamb was the agent of appellant and had authority to enter into such an agreement because there was no evidence in dispute of such right. The instruction is subject to criticism and should not have been given. The right of appellees to recover for the damage to and conversion of the merchandise does not depend upon the effect of the authority of Lamb to give appellees permission to leave the property in the building. Appellees had never surrendered possession of the storeroom to appellant. Their possession of the storeroom was not unlawful. The question of whether appellees had the right to the possession by reason of the permission given by Lamb and whether they were liable to appellant for rent is not involved in this action. The court, in another instruction, correctly instructed the jury to the effect that the question of appellees' liability to appellant for rent was not involved. While the instruction in question should not have been given, its giving does not amount to reversible error.

Judgment affirmed.

Dausman, J., absent.