## GRAY ET UX *v.* ACTON.

[No. 13,788.   Filed March 21, 1930.   Rehearing denied June 13, 1930.   Transfer denied May 17, 1933.]

*Clarke & Clarke,* for appellant.

*White & Jones,* for appellee.

REMY, C. J.—Appellants were owners as tenants by entireties of two adjacent city lots, and, December 21, 1921, appellee contracted with appellants for the purchase of one of the lots, on which day she and her husband took possession and moved into the house located thereon. Under the contract, the consideration was to be paid in installments, fee to remain in appellants until installments were paid. All went well for about three years, when a controversy arose between the parties as to a driveway between the two houses, and which led to a garage in the rear, a part of the driveway, as located, being upon appellee's lot; appellants claimed that it was a joint way, and that they had an easement for driveway purposes over that part included in appellee's lot. On the other hand, appellee claimed that appellants had no such easement, and to enforce her claim erected a partition fence along and upon the driveway, the fence being located wholly upon appellee's lot. Appellants tore down the fence as soon as it was built. The fence was twice rebuilt by appellee, but each time it was torn away by appellants.

Appellant John Gray then signed and swore to an affidavit charging appellee with malicious trespass in going upon the way and erecting the fence; this affidavit was made the basis of a prosecution, and a trial resulted in an acquittal. Whereupon, appellee began this action against both appellants for malicious prosecution. About the same time appellants, claiming that appellee, by failing to pay certain installments when due under the contract, had forfeited all right to the property, began a suit against appellee and her husband to quiet their title thereto, and by a separate paragraph of complaint they sought to establish their right, as owners of the lot, to an easement for the right of way in the lot sold to appellee. On the trial of the suit to quiet title, the evidence showed that appellee had paid installments totaling $1,300, but had become delinquent in her payments, in violation of the contract, and judgment was rendered quieting title as prayed; but on the other paragraph as to the easement the court found against appellants. Later, a trial of the action for malicious prosecution resulted in a verdict and judgment for appellee against both of the appellants, from which this appeal is prosecuted.

With its general verdict, the jury returned answers to interrogatories, the answers being in substance as follows: The prosecution against appellee for malicious trespass was based upon the affidavit of John Gray in which Frieda Gray did not join; that at the time affidavit was filed appellee was occupying the premises in question as equitable owner, under contract to purchase from appellants; that upon filing affidavit for malicious trespass appellants consulted an attorney, but did not fully inform such attorney as to all the facts and circumstances connected with the case; and that the attorney advised prosecution.

On the trial of the cause, there was competent evi-

dence to support the jury in its answers to the inter-rogatories, as there was competent evidence of all the facts above detailed.

Action of the court in overruling appellants' separate motions for new trial is assigned as error, and the reasons for new trial presented by this appeal are, the sufficiency of the evidence to sustain the verdict, and the alleged error in giving of certain instructions.

As to the sufficiency of the evidence to sustain the verdict against appellant John Gray, no discussion is necessary. It is enough to say that the evidence is sufficient. Most of appellants' brief is utilized in an effort to show that the evidence is insufficient to sustain the verdict against appellant Frieda Gray. It is strenuously contended that since Frieda Gray did not herself sign the affidavit for malicious trespass she can not be held liable for the malicious prosecution. In that view we do not concur. In an action for malicious prosecution based upon an affidavit which charged a criminal offense, liability is not limited to the person or persons who signed the affidavit; all persons concerned in originating and carrying on the prosecution are jointly and severally liable. *Johnson* v. *Brady* (1915), 60 Ind. App. 556, 109 N. E. 230, and authorities cited.

In addition to the facts stated above, it appears from the evidence that at the time the prosecution for trespass was instituted, appellants were the owners of the real estate as tenants by entireties, and as such owners they were claiming an easement of the driveway in controversy; that soon after the first fence was constructed, Frieda Gray was with her husband when he ordered their employees to take down the fence; that thereafter she and her husband and their attorney went together to the premises, and there appellants explained to their attorney the location of the

driveway and fence; that at the time the malicious trespass case was tried, Frieda Gray was active in the prosecution; though she had not been subpoenaed, she voluntarily appeared with her husband and testified as a prosecuting witness; and there is evidence that as such witness, she, among other things, admitted that she had talked with her husband about having appellee arrested, and that she "was a party to having the arrest made."

Clearly the evidence shows that in all matters leading up to, and in the prosecution of, the trespass charge, Frieda Gray did everything that her husband did except to sign and swear to the affidavit, and that the verdict against her is sustained by the evidence.

Appellant Frieda Gray predicates error upon the action of the court in the giving of instruction No. 9, by which the members of the jury were told that if they found from the evidence that the criminal offense was, without probable cause, instituted solely by John Gray, and also found from the evidence that Frieda Gray ratified and adopted her husband's act as her own, then and in that event she would be liable the same as if she had herself instituted the prosecution.

It is not the theory of the complaint, which is in one paragraph, that the prosecution for trespass was instituted and carried on solely by John Gray, and that his wife became liable by her ratification and adoption of his wrongful act. The complaint directly avers that the alleged malicious prosecution was the joint wrongful act of both, and all the evidence was submitted upon that theory. It follows that the instruction was outside the issues, and should not have been given; but it does not follow that the rights of appellant Frieda Gray were prejudiced thereby. Whether one may ratify the wrong-

ful act of another, and thus become liable for a malicious prosecution, it is unnecessary to decide.

We have read the evidence with care, and in our view the evidence in support of the verdict against Frieda Gray is just as strong as that against her husband, and shows that the prosecution for trespass was their joint act. No evidence was submitted to show that the prosecution for trespass was the act of John Gray only; and no evidence was introduced for the purpose of showing a ratification and adoption by Frieda Gray of a wrongful prosecution instituted by her husband; the fact that Frieda Gray did not sign the affidavit is, under the circumstances, a matter of little or no consequence. It is apparent from the record that appellant Frieda Gray was not harmed by the instruction. See, *American Car, etc., Co.* v. *Clark* (1904), 32 Ind. App. 644, 652, 70 N. E. 828; *Haxton* v. *McClaren* (1892), 132 Ind. 235, 247, 31 N. E. 48; *Hays* v. *Hays* (1911), 49 Ind. App. 298, 97 N. E. 198; *Indianapolis Trac., etc., Co.* v. *Ulrich* (1910), 45 Ind. App. 149, 90 N. E. 321; *Evansville, etc., R. Co.* v. *Hoffman* (1917), 67 Ind. App. 571, 118 N. E. 151; *Grand Trunk, etc., R. Co.* v. *Cather* (1929), 92 Ind. App. 563, 167 N. E. 551; *Salvation Army* v. *Ellerbush* (1928), 87 Ind. App. 682, 161 N. E. 638.

Objections are made, and by both appellants, to other instructions. It would unduly extend this opinion to set out the instructions and consider in detail the alleged defects. The instructions do not show that superior care was exercised in their preparation, but when taken and considered as a whole they fairly state the law of the case.

We find no reversible error.

Affirmed.